IN THE MATTER OF THE 1982 COUNTY OF HUDSON
JUDICIAL BUDGET IMPASSE.

October 29, 1982.

## DECISION AND ORDER

These are proceedings under *Rule* 1:33–5. They originated with the submission to the Hudson County Board of Freeholders by the Hudson County Assignment Judge of a proposed budget for 1982 for the operation of the courts in Hudson County.

That budget included provisions for salary increases for judiciary personnel. Following negotiations, the County adopted a final budget that did not include all of the items requested by the Assignment Judge for the judiciary. The Assignment Judge then entered a Recommended Disposition/Order, dated June 18, 1982, pursuant to *Rule* 1:33–5(a). Following two amendments, a final Recommended Disposition-Amended Order was entered on July 21, 1982. That order set forth salary increases for personnel and the processing of documents determined to be necessary to meet court costs and employment needs.

Pursuant to *Rule* 1:33–5(a) the County filed a Notice of Petition for Review with the Supreme Court. The Assignment Judge subsequently filed a Response to Notice of Petition as required by *Rule* 1:33–5(c). By order dated August 17, 1982, the Court granted the petition and designated a three-member panel consisting of Judge Charles S. Joelson, Judge Lawrence S. Carton, Jr. (retired), and Mr. Walter Wechsler, in accordance with *Rule* 1:33–5(d). The matter proceeded to hearing on an accelerated basis without any prehearing discovery, and sessions were conducted on August 23, 24 and 27, 1982. Each party presented the testimony of witnesses as well as documentary

exhibits. The panel submitted its report under date of September 13, 1982. Exceptions were taken by the County of Hudson and the Assignment Judge of Hudson County to the panel report, which had modified recommended increases in salaries of judicial personnel in the County of Hudson as proposed by the Assignment Judge. Each of the parties seeks further modifications of the proposed judicial salary order. We have examined the record of the hearings conducted by the panel, including exhibits introduced in evidence, the findings and conclusions of the panel set forth in the panel report and the exceptions filed by the parties. Based upon this review, we modify the report with respect to the salaries to be paid the Chief Probation Officer and Assistant Chief Probation Officer and, as modified, we affirm the panel report and the salaries proposed for each of the judiciary employees as set forth therein.

The panel proceeding was conducted under and is governed by *Rule* 1:33–5. This rule provides an administrative scheme for the resolution of "impasses" or disputes between the judiciary and counties concerning the annual budget for the judiciary. The operative standard for resolving such impasses is contained in *Rule* 1:33–5(e):

> When the dispute involves an appropriation, neither party shall have the burden of proof, the test being whether the appropriation is reasonably necessary.

The hearing on this matter consumed three days. We are satisfied that both during the hearing and in making its recommendations in this matter, the panel consistently applied the test of whether the appropriation for particular salaries for individual judiciary employees was reasonably necessary for the efficient operation of the court system.

The Attorney General, on behalf of the Assignment Judge, argues initially by way of exception to the panel report that there was no genuine "impasse" necessitating resolution by a Court-appointed panel under *Rule* 1:33–5 because the total funds appropriated by the County for the judicial budget were sufficient to accommodate the salary increases that had been

recommended by the Assignment Judge. Our review of the record, however, indicates that there was a dispute as to whether appropriated funds were sufficient. Nevertheless, we need not address this contention of the Attorney General. The panel itself declined to make such a determination, except to note that any asserted budgetary shortfall was small. The panel proceeded to apply the "reasonably necessary" standard of *Rule* 1:33–5(e) to each of the controverted salary proposals. Since these particular items were disputed and the parties were at an impasse with respect to their resolution, and a challenge to the sufficiency of the appropriation was made at the time the final budget was approved, the adjudicatory machinery of the budget-impasse rule was properly invoked.

The record does support the panel's recommendations, granting all or part of the increases sought by the Assignment Judge. In this matter the Assignment Judge proposed salary increases of varying amounts for twenty-four court employees appointed pursuant to *Rule* 1:33–3(b), the Chief Probation Officer and Assistant Chief Probation Officer, as well as sixteen judicial secretaries. The panel recommended some increase in salary for all of the personnel and, with the exception of seven positions and all of the judicial secretaries, recommended the increases as proposed by the Assignment Judge.

█  The personnel involved are the administrative and supervisory staff of the Superior Court, District Court and Juvenile and Domestic Relations Court in Hudson County. As found by the panel, they perform specialized and unique duties that are essential for the efficient operations of the courts and the speedy and effective administration of justice. Their respective duties are also performed within an already overburdened court system, where the case loads, civil and criminal, in all the courts have increased. The panel was entitled to conclude that current base salaries are quite low, both absolutely as well as in comparison to similar positions in other counties.

The County asserts in its exceptions that the panel did not give due weight to its contentions that Hudson County does not possess the financial resources to support the increases allowed. It also complains that the panel was insensitive to the impact of its decision on the County's position in collective negotiations with its other employees. The panel, however, did consider the County's interests. It was cognizant of the fiscal constraints of the "cap law." It concluded that the cost of the increases sought and allowed was relatively small in terms of the overall County budget, as well as the judicial budget. As to the County's exception that the panel failed to give due weight to the asserted adverse impact of its recommendation in terms of the County's relationship to other county employees, it is clear that the panel did consider this argument but found no evidence that the adverse impact hypothesized by the County would materialize.

█ The County complains generally that the evidential material relied upon by the panel was lacking in sufficiency and competency. The County fails to appreciate, however, that these proceedings, while conducted within a framework designed to assure procedural fairness and a reasoned adjudication, are administrative in nature. "Strict rules of evidence need not be observed." *Rule* 1:33–5(e). It is clear that the panel was receptive to all the evidence adduced and weighed it impartially. The panel did not grant the full increases sought. Seven proposed increases for administrative personnel were reduced by the panel, which reductions were subject to exceptions taken by the Attorney General. There is ample evidential basis for these determinations.

█ The County also takes particular exception to the increased base salaries recommended by the panel for the positions of data process programmer, supervisor of the calendars and clerk of the district court because the employees holding these positions have left or may leave those positions. We find that the exception for this reason is deserving of the most careful

consideration and evaluation. Salary increases for employees whose departures from public employment have occurred or are imminent are subject to abuse. However, in this case, the proposed and recommended salary increases were, in effect, for particular positions, rather than to individual employees. As pointed out by the Attorney General the calendar supervisor still retains his position and the two other employees worked for the first half of 1982. Moreover, one of the latter, the clerk of the district court, was not awarded an increase by the panel, contrary to the recommendations of the Assignment Judge, to which action by the panel the Attorney General has taken an exception. Nevertheless the panel did provide a modest increase for the temporary replacement, which represented a substantial raise over the salary that this employee was receiving, also giving her a salary slightly higher than other court clerks. Thus, there is no evidence to suggest that these particular salary increases were intended to be inflated artificially or were recommended without regard to underlying merit and good cause. The increases were intended not only to retain employees but to establish a level of fair and adequate compensation that sensibly reflects the training, skill and diligence entailed in jobs that are vital to the efficient operations of the court system.

The panel also took a balanced approach with respect to judicial secretaries. The Assignment Judge sought $2,000 raises for each of sixteen judges' secretaries whose base salaries range from $9,630 to $13,430. The County proposed for those judicial secretaries an increase of $1,000 each effective January 1, 1982 and a further increase of 7 percent more on July 1, 1982 and July 1, 1983, which percentage would increase in the event that a higher percentage was awarded to any of the County's bargaining units. The panel rejected the positions of both parties and recommended graduated increases, with the greatest increases to be given to the lowest paid secretaries. Further, the increases were to be reduced on a sliding scale with $2,000 to secretaries paid $10,750 or less down to $1,000 for secretaries getting more than $13,000. Although both parties filed excep-

tions to the recommendations, the panel's reasoning and determination are designed to provide consistency and equity within a class of judicial employees, are clearly conducive to the efficient operations of the courts, and are, therefore, reasonably necessary to secure that objective.

We note, finally, that the panel recommended substantial salary increases for the Chief Probation Officer and Assistant Chief Probation Officer. In so doing, it brought the salary of the Chief to $37,000, based upon an increase of $8,207. The salary of the Assistant Chief was brought to $33,000, reflecting an increase of $6,052. (We note in passing that the Assignment Judge recommended a salary of $35,000 and an increase of $8,052 for the Assistant Chief Probation Officer.) The County takes strong exception to these recommendations, asserting that they are "excessive and unwarranted."

The County's concern is genuine and is deserving of conscientious consideration because of the nature of the offices involved and the size of the recommended increases. We are satisfied that the Assignment Judge and panel properly weighed the significance of probation, the importance of the responsibilities of these judicial officers, the complexity and volume of probation services in a populous county such as Hudson, the level of present compensation paid to these officers and the comparative compensation paid for these offices in other counties. The panel properly concluded that these judicial officers were seriously underpaid. The salary levels and increases are justified in terms of the responsibilities and importance of these positions, as well as in comparison to the salaries paid in comparable counties.

Nevertheless, we find some merit in the County's exception. As pointed out, salaries paid for these offices in other counties cover a wide range and lack general uniformity or consistency. Developing uniform standards for such compensation on a comparative, state-wide basis should be considered as a continuing objective in these proceedings. However, attempting to achieve

salary parity or comparability with certain other counties in a single fiscal year may be an undue imposition upon the County. Moreover, while these particular increases may be within the County's financial resources, they constitute a very significant percentage increase. This lends some credence to the County's complaint that the impact upon employee morale and the County's negotiating posture with county employees generally may be undermined.

This concern, as well as the continuing need to recognize, whenever reasonably possible, the financial strain upon the County's budget, prompts us to seek a more flexible and gradual solution. Thus, where, as here, a very substantial increase in a judicial personnel salary is otherwise required in order to redress undercompensation and past inequities and to bring that salary to a proper level, incremental increases over more than one fiscal year may be appropriate. This approach was, in fact, taken by the County and recommended by the panel with respect to judicial secretaries. While the increases here concerning the two probation officers obviously will have no practical impact whatsoever on the County's budget, we think the principle involved is of sufficient potential future importance to warrant recognition. Accordingly, we conclude that the salaries for the Chief Probation Officer and the Assistant Chief Probation Officer are properly fixed at $37,000 and $33,000, respectively. The increases to achieve these salaries should be awarded in phases, approximately two-thirds thereof to be granted for the 1982 budget, and the balance, to be made in the next fiscal year, subject of course to any further reevaluation for that year by the Assignment Judge as may be appropriate. Therefore, for the 1982 budget year the salary of the Chief Probation Officer shall be increased to a level of $35,000 and that of the Assistant Chief Probation Officer shall be raised to a level of $31,000.

Except as we have determined the appropriate salaries to be paid to the Chief Probation Officer and the Assistant Chief Probation Officer, it is our decision that there is adequate

evidential support to sustain the findings of the panel. Its report reflects sound reasons for its conclusion that its salary recommendations are reasonably necessary for the efficient operations of the administration of justice in Hudson County. Accordingly, as modified by this decision, its determination is affirmed.

So Ordered.

*For affirmance as modified*—Chief Justice WILENTZ and CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*For reversal*—None.